SAMUEL B. COOPER *vs.* JOHN L. INGALLS.

A justice writ is not to be abated because it is not directed to any constable of the county, conformable to the statute, passed in 1831.

A return of *non est inventus*, made by an officer, after an execution has run out in his hands, with a view to charge bail on *mesne process*, is a false return.

When a recovery has been had against the bail, on a writ of *scire facias*, issued against them, and the bail brings an action against the officer for making a false return on the execution, it is no defence to such action that the bail might have successfully resisted the recovery against him, by shewing that the return was false.

This was an action on the case, brought against the defendant as constable of Canaan, for making a false return on a writ of execution in favor of James Steele and against Russell Frizzle, on the 14th day of April, 1832.—"That said constable could not find the person or property of the said Russell Frizzle within his precinct, whereon to levy said execution:" therefore he returned said execution in no part satisfied. The execution was dated 15th February, 1832, and was made returnable in sixty days. It appeared that after this return, said Steele, by *scire facias*, sued plaintiff as bail for said Russell—plaintiff having endorsed the original writ; and in this action, said Steele recovered against the plaintiff $6,61 damages, $5,91 costs, and 25 cts. execution, all amounting to $12,77, which plaintiff paid, and suffered additional costs and trouble in defending. Plea, *not guilty;* and issue joined to the country.

On the trial of said issue, the plaintiff gave in evidence regular attested copies of the records of the writ of attachment, *Steele* vs. *Frizzle*, the officer's return of said writ, and his taking the plaintiff as bail for said Frizzle, and of the judgement rendered in said action, and of the writ of execution which issued thereon, and of the *scire facias* prayed out on said judgement by said Steele against the plaintiff, and recovery of said damages and costs.

Essex,
March,
1833.

Cooper
vs.
Ingalls.

The plaintiff introduced several witnesses, whose testimony tended to show that the defendant saw said Frizzle in the life of the execution.—That said Frizzle had personal property known to the defendant, upon which a levy might have been made by him : and further, that the return of the defendant was made after the expiration of the life of the execution, but antedated so as to appear to have been returned within the sixty days.

There was also in this case a plea in abatement to the writ, on the ground that the same was directed " *to the Sheriff of Essex County, his Deputy, or either Constable of Canaan ;*" whereas the defendant contended it should have been directed " *to the Sheriff of the County of Essex, his Deputy, or any Constable of the County of Essex,*" agreeably to the statute of 1831.

The County Court overruled this plea : to which the defendant also excepted.

The defendant requested the Court to charge the jury,

1st, That whether the return of the officer, endorsed on the writ, was placed there on the 14th, 15th, or 16th of April, is immaterial in the present cause, and has no tendency to shew the return itself false.

2d, That if the judgement against Cooper, on the *scire facias* was wrongfully obtained, the execution not then having been returned to the justice, it has no tendency to show that the return of the officer was false, and is not therefore to be taken into consideration by the jury.

As to the above request, the Court charged, that the *non est* purports to have been made in the life of the execution ; but by the evidence of Mr. Steele, it was in fact made on the 16th or 17th day of April last.  If the return had been dated on the day it was actually made, it would appear on the face of it that the execution run out in the hands of the officer, and the bail was discharged.  But by anti-dating the return to the 14th of April, in the life of the execution, it *falsely* purports that the execution did not run out in the hands of the officer, but was by him returned in the life of it, or in other words, that the return was made on the execution in the life of it, and the bail was charged.  Then, if you believe Mr. Steele's evidence, you will find the return to be false.

Essex,
*March*,
1833.

Cooper
*vs.*
Ingalls.

So, if you find that Roswell Frizzle had sufficient personal property liable to be taken in execution, which property came to the knowledge of the defendant, and it was his duty and in his power to have taken it, and did not, then the return is *false*.

So, if the defendant, in the life of the execution, was in company of said Frizzle, and it was the duty and in the power of the defendant to have taken him on the execution, and did not, the said return is *false*.

If you find said return false on either of the said grounds, you will find for the plaintiff all the damages he has sustained by such *false* return. But if you find the return to be true, you will find for the defendant his costs.

The jury returned a verdict for the plaintiff——Whereupon, the defendant excepted to the charge of the Court, and the cause was thereon ordered to the Supreme Court for reconsideration.

*Cushman & Bell for defendant.*——The writ was directed to the Sheriff of Essex County, or his Deputy, or to either of the Constables of the town of Canaan.——Statute, p. 127, 315, 330. It should, however, been directed to the Sheriff of the County of Essex, his Deputy, or any Constable of the County of Essex.——Acts of 1831, p. 34.

The act of 1797 is repealed by said act of 1831. When the writ is different from the form prescribed by law, it shall abate.——1 Swift. Dig. 610.——Big. Dig. 832.——3 Mass. 193.——11 do. 275.

The charge of the Court, in relation to the antedate of the officer's return, is incorrect.

The returns of *non est inventus* must be legally made in order to charge the bail.——Stat. p. 66.

There is nothing false in the return on the writ.

The officer's endorsement of his doings on the execution *Steele* vs. *Frizzle*, says, in effect, that from the time the officer received the execution, to the 14th of April, he made diligent search throughout his precinct, and could not find either the property or body of said Frizzle.

It no where says that the officer had returned it to the justice on the 14th, within the life of it.

An officer may lawfully return an execution in his hands

Essex,
March,
1833.

Cooper
vs.
Ingalls.

after it is out, to endorse his damages on it, and then he of necessity antedates his return.—Big. Dig. 335.—6 Mass. 20.

The fact of the time when an execution is returned to the justice, appears by the records of the justice, and not by the date affixed to the officer's doings on the execution.

In this case, it appears that the officer kept the execution during the whole of it. This was beneficial to the bail, and he was not injured by it.—1 Vt. R. 281.

If the bail did not suffer by the officer's retaining the execution in his hands a few days after it was out, neither justice, policy, or expedience, requires that the officer should be made liable for a false return.—1 Vt. R. p. 282.

If because the execution was not returned to the justice within the life of it, the bail was discharged, then the bail was not injured by the antedate of the officer's return, but was saved from liability by the neglect of the officer to deliver it to the justice, with his return on it, within the sixty days from the date.

How, then, can the officer be liable to the bail?

If liable to any one, it would be to the creditor; as by his neglect, the bail would be discharged.

If the date of the officer's return on the execution is conclusive evidence that the execution was returned to the justice on that day, then the plaintiff should have recovered in the suit—notwithstanding the *scire facias*.

The defendant cannot be made liable, because the justice decided against law on the *scire facias*.—2 Aiken, 72, *Turner* vs. *Lowry*.

*Wm. Mattocks*, contra.

The opinion of the Court was delivered by

Williams, J.—In this case the plaintiff complains of the defendant, for making a false return on a writ of execution, in favor of James Steel, against one Russel Frizzle, in consequence of which the plaintiff, who was bail for Frizzle, was compelled to pay the amount of the execution.

The first question to which our attention has been called arises on the plea of abatement, on which a judgement of respondeas ouster was rendered, to which judgement

Essex,
March,
1833.

Cooper
vs.
Ingalls.

the defendant excepted. The defect in the writ set forth in the plea, is that it is not directed to any constable in the county, according to the provisions of the statute extending the jurisdiction of constables, passed in 1831.

The judiciary act required that all writs should be directed to the Sheriff of the County, his deputy or either constable of the town where the service was to be made.— The statute of 1831, requires that writs returnable before a Justice of the Peace, shall be directed to the Sheriff, his deputy or any constable of the County, and provides that the first constable of any town, when the town consent, may serve such writs in any town in the County. The direction in the writ, is the precept to the officer, and his authority for making service. If a writ is directed to an officer, who may, and does serve it, it is no cause of abatement that it was not directed to another officer, who might have served it. This writ was directed to the constable of Canaan, who served the same within his precinct, and who was by law authorized to serve the same. This was a sufficient service to hold the defendant to appear. The judgement of the County Court, therefore, overruling the plea, was correct.

The next question is, whether the charge of the Court on the evidence before them was right, or whether they should have been charged as requested by the defendant. The case as presented by the evidence, detailed in the bill of exceptions, shews a great want of moral rectitude in the conduct of the defendant, at least. Whether the facts was so, it were for the jury to determine from the evidence before them. We are only to enquire whether the Court erred in their charge to the jury,

The first question raised, is whether the return, having been made on the execution, after it had run out in the hands of the officer, and after the return day thereof had expired, was false. That a return of *non est inventus* made on an execution, after the return day thereof had expired, with a view to charge the bail taken on *mesne process*, is a false return, we have no manner of doubt; and although it might cause no injury to any one, to antedate such a return when there was no bail taken, or to antedate a return in other cases which might be mentioned; yet, when

Essex,
March,
1833,

Cooper
vs.
Ingalls.

there is bail, and when the tendency of such antedating, is to charge them by making the execution appear to have been returned in its life, when it was not, it is not only an injury for which the person who has suffered damage thereby, may recover on an action brought therefor, but it is worthy of consideration, whether it does not amount to something more than a civil injury. Antedating a deed with an intent to defeat a former deed of the same party, and for the purposes of fraud, has been adjudged to be a forgery. There is no doubt that the charge of the Court was right, when they told the jury that if the return was made after the execution had expired and was antedated, it was a false return.

There is as little doubt that the views of the County Court was equally correct, in not acceding to the second request of the defendants counsel. Indeed, I was not a little surprised at the argument which was here insisted on, that if the return was false, the plaintiff sustained no injury, because he might have successfully defended the *scire facias* which has been brought against him, that the justice who rendered judgement against the present plaintiff, was the one who had caused the injury. The counsel for the defendant have urged, apparently with some degree of confidence, that the action is brought here because the person who instituted the suit against the plaintiff as bail for Frizzle, persuaded the justice to render a wrong judgement.

It is true, that the plaintiff has sustained an injury by this judgement, and that if the same facts which were disclosed on this trial, had been made to appear before the justice who gave judgement on the *scire facias*, no such judgement ought to have been given. It is also true, that no such judgement would have been given, nor any suit commenced against this plaintiff, if it had not have been for the false return made by the defendant.

It has been determined by this Court in the case of *Turner* vs. *Lowry*, 2d, Aiken 72; that to charge bail, the officer who has a writ of execution for service, must return the same into the office from which it issued, with a regular return of *non est inventus*, within the life of the execution. Although it may be true, that the plaintiff, Cooper,

Essex,
March,
1833.

Cooper
vs.
Ingalls.

was discharged as bail for Frizzle,.by the neglect of the
defendant to return the execution within the life of it;
and might, if he had knowledge of the fact, have success-
fully resisted a recovery against himself on the *scire facias*.
Yet, as the defendant under color of a return made official-
ly by him, endeavored to conceal this fact from the plain-
tiff, and made the execution appear to have been returned
in the life of it, when in fact it was not returned until
some days after, he thereby occasioned the injury of which
the plaintiff complains, and it is not for him to say, that if
the plaintiff had sooner discovered and proved the misfeas-
ance of which he was guilty, the injury would have been
less.   We are entirely satisfied with the charge of the
Court and the verdict of the jury.

The judgement of the County Court is therefore affirmed.